

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. William J. Lawson
Secretary of State
Austin, Texas

Attention: Honorable Claude Isbell
Head of the Charter
Division

Dear Sir:

Opinion No. O-4248
Re: Is the purpose set
out in the application
for charter of Kerrville
General Hospital of such
a benevolent and chari-
table nature that only
requires a $10.00 filing
fee?

Your letter requesting an opinion of this depart-
ment upon the question set out above is as follows:

"This Department is in receipt of an appli-
cation for a charter for the Kerrville General
Hospital. The purpose of the corporation as
set out in the charter application is as follows:

"'The purpose for which this corporation is
to be created is the maintenance, and operation
of a general hospital and clinic, with the right
to acquire and own real and personal property,
and to operate the same upon a charitable, bene-
volent and non-profit basis.'

"The application further states 'there is no
capital stock and this corporation is to be oper-
ated without profit'. This Department, not being
satisfied with the purpose clause, submitted to
the applicant a form in the nature of a question-
naire which was filled out and properly sworn to,
in which the nature and character of business to
be transacted is as follows:

"'General hospital, care of patients, for in-
jury and sickness, emergency treatment to patients
and all type and kinds of hospital care; care for
patients who can pay and there is to be no charge
whatever to those that are charity patients; all
charity patients are admitted to the hospital for
care and treatment. One of the objects of the
corporation is to care for, treat and provide for

charity patients. (Federal Government had
recognized this institution for the past two
(2) as a charity institution.'

"It is so stated in said questionnaire that
'The income is to be disbursed for the actual op-
erating expense, nurses, supplies, and equipment.'

"Considering the above statement, we would be
pleased to have an opinion from your Department as
to whether the purpose set out in the application
is of such a benevolent and charitable nature that
only requires a $10.00 filing fee, or is one for
mutual benefit or profit requiring the $50.00 fil-
ing fee and the payment of franchise tax."

Article 1302, Vernon's Annotated Civil Statutes,
Subsection 2, gives as one of the purposes for which private
corporations may be formed the following:

"2. The support of any benevolent, charita-
ble, educational or missionary undertaking."

Article 3914, Vernon's Annotated Civil Statutes,
concerning the fee the Secretary of State is authorized and
required to charge for the use of the State is, in part, as
follows:

"Upon filing each charter, amendment or sup-
plement thereto of a corporation for the support
of public worship, any benevolent, charitable,
educational, missionary, literary or scientific
undertaking, the maintenance of a library, the
promotion of a public cemetery not for profit
and the encouragement of agriculture and horticul-
ture, to aid its members in producing and market-
ing agricultural products, or for acquiring, rais-
ing, breeding, fattening or marketing live stock,
a filing fee of Ten ($10.00) Dollars, and for fil-
ing the semi-annual financial statement of such
agricultural products or live stock corporation,
Ten ($10.00) Dollars, which shall include the an-
nual license fee."

According to your letter the Kerrville General Hospital
proposes to become a corporation for the purposes set out in
paragraphs 2 and 4 of your letter as follows:

"'The purpose for which this corporation is
to be created is the maintenance, and operation

of a general hospital and clinic, with the right
to acquire and own real and personal property,
and to operate the same upon a charitable, bene-
volent and non-profit basis.'

"'General hospital, care of patients, for
injury and sickness, emergency treatment to pa-
tients and all type and kinds of hospital care;
care for patients who can pay and there is to
be no charge whatever to those that are charity
patients; all charity patients are admitted to
the hospital for care and treatment. One of the
objects of the corporation is to care for, treat
and provide for charity patients. (Federal Gov-
ernment had recognized this institution for the
past two (2) as a charity institution).'"

Upon searching the authorities we found no opinions
of Texas courts passing upon an application for charter exactly
in point with the problem here submitted, however, in our opin-
ion the purpose for which the corporation is proposed to be
organized, as stated in the purpose clauses hereinabove quoted,
brings the same within the provisions of subdivision 2, Arti-
cle 1302, supra, in that it states the same to be a "charita-
ble, benevolent and non-profit" enterprise.

As to the amount of fee that should be charged by your
department for the filing of this charter we refer you to that
portion of Article 3914, supra, hereinabove set out. We think
that the above quoted portion of the statute is applicable to
this case and that therefore a fee of $10.00 should be charged.

If the corporation is a "charitable, benevolent, and
non-profit Corporation" the correct fee to be charged is $10.00
and as stated above, we believe that the purpose clause quoted
shows an intention to organize such a corporation. In support
of our opinion that the proposed corporation does come within
the provision of the statute relating to benevolent and chari-
table corporations and within the intention of the Legislature
in writing the statutes, we quote and cite below parts of opin-
ions from other States of the United States in which "benevolent
and charitable" corporations or enterprises are described and
defined:

"A 'benevolent corporation' is one that minis-
ters to all, and the purpose may be anything that
promotes the mental, physical, or spiritual welfare
of man." In re Rockefellers' Estate, 165 N.Y.S.
154, 158.

"A hospital which was originally incorporated by several physicians and charitable ladies, but later conducted by the physicians alone under the same charter, under which no profit could be realized and all receipts were devoted to the maintenance of the institution and which derived its revenue from gifts, bequests and fees paid by patients, and which treated some patients entirely free, and charged others more or less, according to their circumstances, is a 'charitable corporation' . . ." Lindler v. Columbia Hospital of Richland County, 81 S.E. 512, 513.

In accordance with the above you are advised that it is the opinion of this department that the purpose set out in the application for charter of Kerrville General Hospital is of such a benevolent and charitable nature that only a $10.00 filing fee is required.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Robert F. Cherry
Robt. F. Cherry, Assistant

APPROVED APR 28, 1942
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

RFC:GO:wb

This opinion considered and approved in limited conference.